IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID WHITMARSH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-444-D |
| ) | |
| FEDEX CORPORATE SERVICES INC. and ) | |
| LAUREN MCGUIRK, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendant Lauren McGuirk's Motion to Dismiss [Doc. No. 16]. Plaintiff filed a response [Doc. No. 17], to which McGuirk replied [Doc. No. 18]. The matter is fully briefed and at issue.

### Background

Plaintiff brings this employment discrimination action against his former employer, FedEx Corporate Services Inc. (FedEx) under multiple federal statutes and state law. Defendant Lauren McGuirk was employed by FedEx as a Sales Director and allegedly made the decision to terminate Plaintiff's employment. For his claims against McGuirk, Plaintiff alleges tortious interference with a contractual/employment relationship and tortious interference with a prospective economic advantage. In her motion, McGuirk seeks dismissal of these claims on the grounds that, as an employee of FedEx acting within the scope of her employment, she could not interfere with Plaintiff's relationship with FedEx as a matter of law, and that Plaintiff fails to plead sufficient facts to state a plausible tort claim against her.

1

**Legal Standard**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. In assessing plausibility, a court should first disregard conclusory allegations and "next consider the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief" under the legal theory proposed. *Id.* at 681; *see Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).

**Plaintiff's Allegations**

Plaintiff was hired by FedEx, or a predecessor thereof, on October 29, 2001 [Doc. No. 1, Complaint, ¶ 7]. Plaintiff has served as FedEx's District Sales Manager of Oklahoma City since 2006. *Id.* at ¶ 8. Despite Plaintiff's history of satisfactory performance, Plaintiff was terminated in November of 2023. *Id.* at ¶¶ 9-10.

Prior to Plaintiff's termination, he was notified by FedEx's HR strategic advisor that another FedEx employee had accused Plaintiff of pulling her hair four years earlier. *Id.* at ¶ 12. Plaintiff alleges that the hair pulling accusation is false. *Id.* at ¶ 13. A few days after Plaintiff was notified of the employee's accusation, McGuirk called Plaintiff and

suspended him pending an investigation. *Id.* at ¶ 16. On November 9, 2023, McGuirk and an HR advisor called Plaintiff and terminated him, allegedly based on the false accusation. *Id.* at ¶ 17. Plaintiff contends that the hair pulling accusation was mere pretext for his termination. *Id.* Plaintiff further alleges that FedEx's progressive disciplinary policy was not followed for his termination. *Id.* at ¶ 18.

Leading up to Plaintiff's termination, McGuirk had asked Plaintiff multiple times when he planned to retire and appeared displeased when Plaintiff stated his intent was to work another 8-10 years. *Id.* at ¶ 19. McGuirk told Plaintiff that she did not understand how he, a "baby boomer," could manage millennials or gen-x employees. *Id.* at ¶ 20. Plaintiff also alleges that McGuirk was habitually late to her one-on-one meetings with Plaintiff and was not late to her meetings with younger managers. *Id.* at ¶ 21.

Plaintiff further alleges that upper management made multiple ageist comments during his employment with FedEx: describing older individuals as "old yeller" in a meeting (*Id.* at ¶ 22); telling individuals to "turn [their] hearing aids on!" (*Id.* at ¶ 23); and stating, "we've got to get younger people in here" (*Id.* at ¶ 24). Plaintiff alleges, on information and belief, that he was replaced by a significantly younger female. *Id.* at ¶ 26.

## Discussion

### A.     Extraneous Documents

When considering a Rule 12(b)(6) motion, the court's function "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Thus, "if matters outside the complaint are

presented to and not excluded by the court, then the court should treat the motion as one for summary judgment under Rule 56 and not as a motion to dismiss." *Id.* (citing FED. R. CIV. P. 12(b)). However, "[i]n addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

Here, the Court declines to treat McGuirk's motion as one for summary judgment. In support of her motion to dismiss, McGuirk attached: 1) Plaintiff's charge of discrimination; 2) an "investigative report" related to Plaintiff's termination; and 3) FedEx's progressive corrective action policy. The Court will consider the charge of discrimination and corrective action policy because both documents were referenced in Plaintiff's complaint and are central to his claims, and Plaintiff does not dispute their authenticity. Because Plaintiff's Complaint does not refer to FedEx's "investigative report," it will not be considered.

### B.    Failure to State a Claim

Under Oklahoma law, to state a claim for tortious interference with a contractual or business relationship, a plaintiff must allege: 1) interference with a business or contractual right; 2) malice or wrongful interference that is neither justified, privileged, nor excusable; and 3) damage proximately sustained as a result of the interference. *See Loven v. Church Mut. Ins. Co.*, 2019 OK 68, ¶ 18, 452 P.3d 418, 424 (citing *Tuffy's Inc. v. City of Okla. City*, 2009 OK 4, ¶ 14, 212 P.3d 1158, 1165). "[T]he element of malice, for malicious interference, is defined as an unreasonable and wrongful act done intentionally, without

4

just cause or excuse and … clearly requires a showing of bad faith."[1] *Id.* at ¶ 19, 452 P.3d at 425. The essential elements of tortious interference with a prospective economic advantage are:

> 1) the existence of a valid business relation or expectancy;
>
> 2) knowledge of the relationship or expectance on the part of the interferer;
>
> 3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; and
>
> 4) resultant damage to the party whose relationship has been disrupted.

*Id.* at ¶ 21, 452 P.3d at 425. "The interference must be the purpose of the tortfeasor's act, and their motive must include a desire to interfere and disrupt the others' prospective economic business advantage." *Id.*

McGuirk maintains that, as a FedEx employee, she could not interfere with Plaintiff's employment relationship with FedEx as a matter of law. *See Wilspec Technologies, Inc. v. DunAn Holding Grp., Co., Ltd.*, 2009 OK 12, ¶ 15, 204 P.3d 69, 74 (a tortious interference claim is viable "only if the interferor [sic] is not a party to the contract or business relationship."). The exception to this rule applies when an agent acts against the interests of the principal and in furtherance of the agent's own interests. *See Martin v. Johnson*, 1998 OK 127, ¶ 32, 975 P.2d 889, 896-97 ("If an employee acts in bad faith and contrary to the interests of the employer in tampering with a third party's contract

---

[1] The Oklahoma Supreme Court added that "malicious interference," "intentional interference," and "tortious interference" constitute the same tort in Oklahoma jurisprudence. *Id.* at ¶ 19, 452 P.3d at 425.

with the employer we can divine no reason that the employee should be exempt from a tort claim for interference with contract.").

Here, the Court finds that the Complaint contains minimally sufficient facts to state plausible claims against McGuirk for tortious interference with an existing and prospective business relationship between Plaintiff and FedEx. Plaintiff alleges that McGuirk made the decision to terminate Plaintiff based on her own hostility toward Plaintiff and his protected characteristics, and that McGuirk's reliance on the hair pulling allegation was mere pretext. Before Plaintiff's termination, Plaintiff alleges that McGuirk had asked him multiple times when he planned to retire; seemed displeased that Plaintiff intended to work for several more years; and questioned Plaintiff's ability (as a "baby boomer") to manage younger employees. These allegations, taken as true, plead sufficient factual material to support Plaintiff's claim that McGuirk "was not acting to serve any legitimate or lawful interest of Defendant FedEx, but was pursuing her own motives which included hostility toward Plaintiff" and his protected characteristics. Although McGuirk submits the corrective action policy to dispute Plaintiff's allegations, at this early stage of litigation, Plaintiff's allegations are minimally sufficient to state plausible tortious interference claims against McGuirk.[2]

---

[2] McGuirk relies on the corrective action policy to show that Plaintiff was an at-will employee. However, "the common law tort cause of action for interference with contractual relations encompasses interference with employment, even where the employment is at-will." *MacArthur v. San Juan Cnty.*, 497 F.3d 1057, 1071 (10th Cir. 2007) (citing *Haddle v. Garrison*, 525 U.S. 121, 126, 119 S.Ct. 489, 142 L.Ed.2d 502 (1998)). McGuirk's reliance on a case describing the at-will nature of a doctor-patient relationship is inapposite. *See Gallegly v. Cordell Mem'l Hosp. Found.*, No. CIV-22-817-R, 2023 WL 3470905, at *8 (W.D. Okla. May 15, 2023).

## Conclusion

**IT IS THEREFORE ORDERED** that Defendant Lauren McGuirk's Motion to Dismiss [Doc. No. 16] is **DENIED**. This matter shall be set on the Court's next regular docket for a status and scheduling conference.

**IT IS SO ORDERED** this 23rd day of September, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge